**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Narciso Perez, on behalf of himself and all
other similarly situated persons, known and
unknown, Plaintiff,
v.
Linden Mayfield, LLC d/b/a Chef Vince's
Zeal, and Vincent Pecora, individually,
Defendants.

## COMPLAINT

NOW COMES Narciso Perez, on behalf of himself and all other similarly situated persons,

known and unknown ("Plaintiff"), through counsel, and for his Complaint against Linden

Mayfield, LLC d/b/a Chef Vince's Zeal and Vincent Pecora, individually, ("Defendants"), state:

## INTRODUCTION

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act,

   29 U.S.C. § 201 *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et

   seq*. ("IMWL"), and the Illinois Wage Payment and Collection Act, for Defendants' failure to

   pay Plaintiff and other similarly situated employees overtime wages for hours worked in

   excess of forty (40) hours in a week.  Plaintiff also seeks redress under the Illinois Wage

   Payment and Collection Act, 820 ILCS § 115/4 ("IWPCA"), for Defendants' failure to

   compensate him for all time worked.

2. Defendants' unlawful compensation practices have denied Plaintiff and other similarly

   situated persons their earned and living wages.

3. Plaintiff brings Count I of this Complaint as a Collective Action under the FLSA, 29 U.S.C.

   § 216(b).  Plaintiff's FLSA collective action consent form is attached hereto as Exhibit A.

## JURISDICTION AND VENUE

4. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331, Federal Question, arising under 29 U.S.C. § 216(b). Supplemental jurisdiction over Plaintiff's Illinois statutory claims is invoked pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiffs' claim within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391(b), because upon information and belief, Defendants reside in this judicial district and the events giving rise to Plaintiff's claims occurred within this judicial district.

## THE PARTIES

### Plaintiff

6. Plaintiff resides in, is domiciled in, and was employed by Defendants in this judicial district.

7. Defendants operate a restaurant called "Chef Vince's Zeal" located in Schaumburg, Illinois.

8. Within the relevant period of time, Plaintiff worked at Defendants' restaurant location as a prep cook.

9. During the course of employment, Plaintiff was involved in interstate commerce and was an "employee" as defined by the FLSA, 29 U.S.C. §201 et seq., the IMWL, 820 ILCS 105/1 et seq., and the IWPCA, 820 ILCS §115/1 et seq.

### Defendants

10. Defendant Linden Mayfield, LLC is an Illinois limited liability company doing business within this judicial district and is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

11. Defendant Linden Mayfield, LLC has had two or more employees involved in interstate commerce.

12. Defendant Linden Mayfield, LLC was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

13. Defendant Vincent Pecora is the President of Linden Mayfield, LLC and is involved in the day-to-day business operations of the corporation and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures.

14. Defendant Vincent Pecora was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d) and the IMWL, 820 ILCS § 105/3.

15. Upon information and belief, Defendant Vincent Pecora resides and is domiciled in this judicial district.

## FACTS

16. Plaintiff worked for Defendants as a prep cook at Defendants' restaurant from November, 2013 until February, 2015.

17. Plaintiff was paid an hourly rate of $12.00 per hour.

18. Plaintiff worked over forty (40) hours or more as directed by Defendants, but was not paid proper overtime wages for time worked in excess of forty (40) hours.

19. Defendants' manager, "Mary Anne" [last name unknown], altered and manipulated Plaintiff's time entries to ensure that those hours did not reflect the full number of hours that Plaintiff worked in a given work week.

20. By manipulating and altering Defendants' time records, Defendants' denied Plaintiff compensation for all of the hours that he worked at the rate agreed to by the parties.

21. Neither Plaintiff nor the class members were exempt from the overtime provisions of the FLSA, the IMWL, or the IWPCA.

22. Despite the fact that Defendants were aware that Plaintiff and other class members were working in excess of forty hours per week, Defendants failed and refused to pay Plaintiff and other class members' overtime wages at a rate of one and one-half times their hourly rate of pay. Defendants' conduct with respect to Plaintiff was willful.

## COUNT I
## VIOLATION OF THE FLSA
### (Collective Action – Overtime Wages)

23. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

24. Plaintiff and the members of the class were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

25. Defendants did not compensate Plaintiff or members of the class at a rate of at least one and one-half (1.5) times their regular hourly rate of pay for all hours worked in excess of forty (40) hours in their individual workweeks.

26. Defendants did not compensate Plaintiff or members of the class at an overtime rate calculated in accordance with the tip credit provisions of the FLSA.

27. Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

28. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit because Defendant's failure to pay

overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiff and the class respectfully request that this Honorable Court:

A.  Determine that this action may be maintained as a collective action pursuant to the FLSA.

B.  Enter a judgment in the amount of unpaid overtime wages for all time worked by Plaintiff and other similarly situated employees in excess of forty (40) hours in individual work weeks;

C.  Award liquidated damages in an amount equal to the amount of unpaid overtime wages;

D.  Declare Defendants to be in violation of the FLSA;

E.  Enjoin Defendants from violating the FLSA;

F.  Award reasonable attorneys' fees and costs; and

G.  Grant such additional or alternative relief as this Honorable Court deems just and proper.

**COUNT II**
**VIOLATION OF THE IMWL**
**(Unpaid Overtime Wages)**

29. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

30. This Count arises from Defendants' violation of the IMWL for Defendants' failure to pay Plaintiffs overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

31. Defendants directed Plaintiff to work, and Plaintiff did work in excess of forty (40) hours in individual work weeks.

32. Plaintiff was entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

33. Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

34. Defendants violated the IMWL by failing to pay Plaintiff overtime wages for all hours worked in individual work weeks.

35. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of overtime wages due to Plaintiff as provided by the IMWL;

B. Award Statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS § 105/12(a) and 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Enjoin Defendants from violating the IMWL;

E. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

## <u>COUNT III</u>
### **VIOLATION OF THE IWPCA**

36. Plaintiff re-incorporates by this reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

37. This count arises under the IWPCA, for Defendants' failure and refusal to pay Plaintiff all wages earned during all time worked for Defendant at the rate agreed to by the parties.

38. During the course of their employment with Defendants, Plaintiff had an agreement within the meaning of the IWPCA to be compensated for all hours worked at the rate agreed to by the parties.

39. In one or more individual work weeks, Defendants did not pay Plaintiff for all hours worked at the rates agreed to by the parties.

40. Instead, Defendants manipulated and altered Plaintiff's daily time entries to avoid paying Plaintiff all of his earned wages at the rates agreed to by the parties.

41. Plaintiff was entitled to be compensated for all time worked as agreed between the Plaintiff and Defendants.

42. Defendants' failure to pay Plaintiff for all time worked violated the IWPCA.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter a judgment in the amount of all unpaid wages due to Plaintiff as provided by the IWPCA;

B. Award Statutory damages as provided for by the IWPCA;

C. Declare that Defendants have violated the IWPCA;

D. Enjoin Defendants from violating the IWPCA;

E. Award reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

F. Grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

**CONSUMER LAW GROUP, LLC**
6232 N. Pulaski, Suite 200
Chicago, IL 60646
PHONE: 312-307-0766
FAX: 888-270-8983
EMAIL: dstevens@yourclg.com

By: s/ David E. Stevens
    David E. Stevens